United States Courts
Southern District of Texas
FILED

November 13, 2023

Nathan Ochsner, Clerk of Court

(2023-193)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EVANGELINA CHAVEZ | § | |
| | § | |
| VS. | § | Civil Action No. 1:23-cv-00152 |
| | § | |
| TARGET CORPORATION | § | JURY DEMANDED |

**DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW Defendant, TARGET CORPORATION, and hereby files this its First Amended Original Answer to Plaintiff's Petition and/or Amended Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, and in support hereof would show the Court as follows:

**I.**

**SPECIFIC ADMISSIONS AND DENIALS**

    A.    **PARTIES.**

    1.    Defendant admits that Plaintiff, Evangelina Chavez, is a citizen of the United States and domiciliary of Cameron County, Texas.

    2.    Defendant states that Target Corporation is a general merchandise retailer with its headquarters and/or principal place of business located at 1000 Nicollett Mall in Minneapolis, Minnesota. Defendant, Target Corporation, has entered an appearance in this case and may be served with additional papers, including pleadings, motions, discovery materials, and other documents, through undersigned counsel in accordance with the Federal Rules of Civil Procedure

    B.    **JURISDICTION & VENUE**

3.	Defendant admits that the state and/or county courts of Cameron County, Texas would, in general, have jurisdiction over the parties and this case. However, Defendant states that this case was timely and properly removed to the United States District Court for the Souther District of Texas - Brownsville Division, because the parties are completely diverse from each other and the amount in controversy exceeds $75,000.00.

C.	FACTS.

4.	Defendant admits that on or about April 18, 2022, Plaintiff, Evangelina Chavez (hereinafter "Plaintiff" or "Ms. Chavez"), presented to the Target store located at 301 E. Morrison Road in Brownsville, Cameron County, Texas. Defendant specifically denies the remaining allegations outlined in Section V of Plaintiff's Petition and/or Amended Complaint and demands Plaintiff provide strict proof of the allegations and claims made against Defendant, Target Corporation (hereinafter "Defendant" or "Target").

D.	CAUSES OF ACTION.

5.	Defendant specifically denies that it was negligent in the daily operations of the Target store in question or otherwise inattentive to policies and procedures implemented by the company to ensure the safety of all guests. Defendant specifically denies that it was negligent in cleaning or maintaining the floors of the premises or that it breached any duties allegedly owed to Plaintiff. Defendant specifically denies that it knew, or should have known, of the existence of any dangerous conditions. Defendant further specifically denies the remaining allegations in Section VI, Paragraph A., of Plaintiff's Petition and/or Amended Complaint and demands Plaintiff provide strict proof of the allegations and claims made against Defendant.

6.  Defendant specifically denies that its employees, agents, and/or representatives were engaged in a negligent activity at the time of Plaintiff's alleged incident. Defendant denies that it created or allowed any type of substances – liquid or otherwise – to exist on the floors of the Target store in question. Defendant further specifically denies the remaining allegations in Section VI, Paragraph B., of Plaintiff's Petition and/or Amended Complaint and demands Plaintiff provide strict proof of the allegations and claims made against Defendant.

7.  Defendant specifically denies the allegations in Section VII of Plaintiff's Petition and/or Amended Complaint and demands Plaintiff provide strict proof of the allegations and claims made against Defendant.

    **F. DAMAGES.**

8.  Defendant acknowledges that Plaintiff is seeking damages in this cause and/or monetary relief over $75,000.00, as described in Sections VIII and IX of Plaintiff's Petition and/or Amended Complaint. However, Defendant specifically denies that Defendant is legally responsible for Plaintiff's alleged injuries and/or that any claimed damages are recoverable by Plaintiff against Defendant.

**II.**

**<u>AFFIRMATIVE DEFENSES</u>**

9.  Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, and applicable state law, Defendant alleges and will pursue the following affirmative defenses:

  a. Defendant affirmatively asserts that the incident in question was caused, in whole or in part, or contributed to, by the negligence of Plaintiff and not on the part of this Defendant and this Defendant invokes the doctrine of proportionate responsibility.

b. Pleading further, and in the alternative, any recovery Plaintiff may have against this Defendant for the alleged injuries and damages must be proportionally reduced in accordance with the fault of Plaintiff or of third persons or parties over whose conduct this Defendant had no control, consistent with the principles of comparative responsibility.

c. Pleading further, and in the alternative, Defendant would state that the occurrence in question and the alleged damages, although such damages are not so acknowledged, was/were the proximate result of an independent, intervening, or superseding causal force, thereby barring recovery against this Defendant.

d. Pleading further, and in the alternative, Defendant states that it fully complied with and/or met any statutory or common law duties allegedly owed to Plaintiff. Specifically, Defendant routinely inspected the premises in question to identify potential unreasonable risks of danger and timely remedied, eliminated, or warned invitees and other guests about any such known dangers of which it had a duty to warn about, eliminate, or remedy.

e. Pleading further, and in the alternative, Defendant contends that its duty to warn or protect invitees did not extend to dangers, conditions, or activities that were open and obvious and/or of which Plaintiff knew about before the alleged incident.

f. Pleading further, and in the alternative, Defendant affirmatively pleads that Plaintiff failed to responsibly mitigate her damages.

g. Pleading further, and in the alternative, Defendant would urge the Court that the Plaintiff was suffering from pre-existing medical conditions as that term is defined by law at the time of the events made the basis of this lawsuit and Defendant should not be responsible for any damages caused by any pre-existing medical conditions.

   h. Pleading further, and in the alternative, Defendant affirmatively asserts that the alleged injuries and damages, although such damages and injuries are not so acknowledged, are solely the result of subsequent conditions, diseases, illnesses, or events unrelated to the incident made the basis of this lawsuit; or in the alternative are partially the result of subsequent conditions, diseases, illnesses, or events unrelated to the incident made the basis of this lawsuit.

   i. Pleading further, and in the alternative, Defendant hereby pleads the limitations on recoverable damages concerning Plaintiff's medical or health care expenses, if any, to the amount actually paid or incurred by or on behalf of the Plaintiff pursuant to Section 41.0105 of the Texas Civil Practice and Remedies Code.

   j. Pleading further, and in the alternative, to the extent that Plaintiff was insured and entitled to health insurance benefits at any time relevant to this suit but chose, instead, to seek care outside of Plaintiff's approved provider network and/or possibly personally incur health care expenses by not timely submitting bills to Plaintiff's health insurer, Plaintiff failed to mitigate Plaintiff's damages, pursuant to Section 146.003 of the Texas Civil Practice & Remedies Code. Furthermore, to the extent that Plaintiff's health care service provider(s) failed and/or refused to timely and directly bill Plaintiff's insurer and/or health benefit plan for health care services provided to the Plaintiff and/or for health care expenses incurred by the Plaintiff, when required or authorized to do so, then claims by such health care service provider(s) are barred, in whole or in part, and do not constitute medical expenses actually paid or incurred by or on behalf of the Plaintiff. TEX. CIV. PRAC. & REM. CODE §146.001, et seq.

   k. Pleading further, and in the alternative, Defendant asserts its rights under Section 33.003 of the Texas Civil Practice & Remedies Code, which permits the submission of

questions determining the percentage of responsibility of each claimant, each defendant, each settling person, and each responsible third party who has been designated under Section 33.004.

   l. Pleading further, and in the alternative, this Defendant pleads the pre-judgment interest rate is the same as the post-judgment interest rate pursuant to Section 304.103 of the Texas Finance Code. Pursuant to Section 304.1045 of the Texas Finance Code, pre-judgment interest is not recoverable on a finding, if any, of future damages found by the trier of fact.

   m. Pleading further, and in the alternative, if any claimant seeks recovery for loss of earnings or loss of earning capacity, the loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law. TEX. CIV. PRAC. & REM. CODE §18.091(a). If Plaintiff seeks recovery for loss of earnings or loss of earning capacity, the jury should be instructed as to whether any recovery for compensatory damages sought are subject to federal or state income taxes. TEX. CIV. PRAC. & REM. CODE §18.091(b).

   n. Pleading further, and in the alternative, Defendant reserves the right to further amend this Answer, subject to obtaining leave of this Court, at such time as discovery and investigation have been completed.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, TARGET CORPORATION, respectfully requests that this Honorable Court deny all relief requested by Plaintiff and enter a take nothing judgment in favor of this Defendant dismissing all claims with prejudice, assess costs against Plaintiff, and award all other and further relief to which it may be justly entitled.

Respectfully submitted,

/s/ *Anthony B. James*

Anthony B. James, ***Attorney-in-Charge***
State Bar No. 10537300
Federal I.D. No. 3785
Email: ajames@hodgejames.com
Marco A. Jilpas
State Bar No. 24071331
Federal I.D. No. 2983324
Email: mjilpas@hodgejames.com
**HODGE JAMES JILPAS & NICHOLS**
1617 E. Tyler Ave., Suite A
Harlingen, Texas 78550
Telephone: (956) 425-7400
Facsimile:  (956) 425-7707
***Attorneys for Defendant,***
***TARGET CORPORATION***

## CERTIFICATE OF SERVICE

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the above and foregoing, Defendant 's First Amended Original Answer, has been served on the 7th day of November, 2023 to all attorneys of record via the District's CM/ECF:

Via Email: service@go-lawfirm.com
Ricardo A. Garcia
Law Firm of Ricardo A. Garcia
820 S. Main St.
McAllen, Texas 78501

Via Email: fpena@fpenalaw.com
Via Email: paralegal@fpenalaw.com
Fidel L. Pena, III
The Fidel L. Pena, III Law Firm, PLLC
505 Angelita Dr., Suite 15
Weslaco, Texas 78599

*Attorney for Plaintiff*

*/s/ Anthony B. James*
Anthony B. James